Minute Order Form (06/97)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 7578 | **DATE** | 6/2/2003 |
| **CASE TITLE** | General Electric Capital Corp. etc. vs. Desert Color Lab, Inc. et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff's motion to strike defendants' answer, affirmative defenses and counterclaim is denied. Status hearing set for June 25, 2003 at 9:15am.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUN 03 2003 | |
| | Notified counsel by telephone. | | date docketed | 16 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | ED-7 FILED FOR DOCKETING | | |
| | Copy to judge/magistrate judge. | 03 JUN -2 PM 2:38 | date mailed notice | |
| WAH | courtroom deputy's initials | CLERK U.S. DISTRICT COURT | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GENERAL ELECTRIC CAPITAL CORP., a Delaware corporation, d/b/a HELLER, a GE CAPITAL COMPANY, | ) ) ) ) | **DOCKETED** JUN 0 3 2003 |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 02 C 7578 |
| DESERT COLOR LAB, INC., a Nevada corporation; DESERT MEDIA GROUP, INC., a Nevada corporation; JAMES K. WESTMORELAND, individually; STEVE W. WESTMORELAND, individually; and TOM W. WESTMORELAND, individually, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff General Electric Capital Corporation (GE) brought this action against defendants Desert Color Lab, Inc. (DCL), Desert Media Group, Inc. (DMG), James K. Westmoreland (James), Steve W. Westmoreland (Steve), and Tom W. Westmoreland (Tom), alleging breach of contract arising from defendants' failure to pay money due plaintiff pursuant to the terns of a rental agreement. Defendants filed an answer to the complaint, along with affirmative defenses and a counterclaim, alleging that the parties agreed to a subsequent oral agreement releasing defendants from their obligation to pay. Plaintiff filed a motion to strike defendants' answer, affirmative defenses and counterclaim. For the following reasons, plaintiff's motion is denied.

### BACKGROUND

On May 28, 1998, DCL entered into an agreement to lease certain equipment in

16

exchange for monthly payments in the amount of $6,306.28, plus applicable taxes and fees, for a period of sixty months. DMG, James, Tom and Steve, each unconditionally guaranteed the prompt payment of the monthly rent. Plaintiff alleges that it fulfilled all conditions precedent and subsequent required by the rental agreement but that DCL has failed to make the monthly payments since October 2001, despite frequent demands by plaintiff.

Defendants claim that the parties reached an oral agreement in 2002 releasing defendants from their obligation to pay. They further allege that the oral agreement laid out specifics as to how plaintiff would handle the resale of the equipment and that it failed to follow these terms, thereby failing to mitigate their damages. Plaintiff argues that any such oral contract violates paragraph 26 of the rental agreement, which expressly precludes subsequent oral modifications and is therefore unenforceable.

## DISCUSSION

In deciding a Rule 12(b)(6) motion to dismiss or strike a pleading we must assume the truth of all well-pleaded allegations, making all inferences in the non-movant's favor. Sidney S. Arst Co. v. Pipefitters Welfare Educ. Fund, 25 F.3d 417, 420 (7th Cir. 1994). The court should dismiss a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

Under Illinois law, a contract may be modified by a subsequent oral agreement even when the contract expressly precludes oral contracts. Much v. Pacific Mutual Life Ins., 266 F.3d 637, 644 n.1 (7th Cir. 2001), citing Tadros v. Kuzmak, 277 Ill. App. 3d 301, 213 Ill. Dec. 905, 660 N.E. 2d 162, 170 (Ill. App. 1st Dist. 1995). If parties reach such an agreement, courts reason that they have waived their right to enforce the contractual prohibition and thus choose

to enforce the oral agreement. <u>Czapla v. Commerz Futures, LLC</u>, 114 F. Supp. 2d 715, 718 (N.D. Ill. 2000). Whether such a modification took place is generally a question of fact. <u>Household Financial Services, Inc. v. Coastal Mortgage Services, Inc.</u>, 152 F. Supp. 2d 1015, 1022 (N.D. Ill. 2001).

Even if paragraph 26 expressly precluded the parties from orally modifying the contract, defendants can show that plaintiff explicitly or implicitly waived enforcement of this provision if they can demonstrate that the parties actually reached such an agreement. We do not need to determine whether or not they did so at this stage of the litigation. Defendants sufficiently plead the existence of such a modification so as to survive plaintiff's motion to dismiss the pleadings.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to strike defendants' answer, affirmative defenses and counterclaim is denied.

JAMES B. MORAN
Senior Judge, U. S. District Court

June 2, 2003.